IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LASHAUN LAMONT WARREN, | § | |
| Petitioner, | § | |
| | § | 3:15-CV-1398-O |
| v. | § | 3:12-CR-0392-O (10) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**I.   Procedural Background**

Petitioner pled guilty to conspiracy to possess with intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). On July 23, 2014, the Court sentenced him to 120 months in prison, which was the statutory minimum sentence. Petitioner did not file an appeal.

On April 27, 2015, Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255. He argues he received ineffective assistance of counsel when counsel failed to effectively argue for a sentence adjustment due to his minor role in the offense, and that the ineffective assistance of counsel rendered his guilty plea involuntary.

On July 6, 2015, the government filed its answer. On July 28, 2015, Petitioner filed a

1

reply. The Court now finds the petition should be denied.

## II. **Factual Background**

In March 2011, the FBI began investigating a drug trafficking organization led by co-defendant Tony Hernandez. (PSR ¶ 9-10). Petitioner obtained methamphetamine through the organization on multiple occasions. (PSR ¶ 11.)

Petitioner stipulated in his factual resume that beginning March 2011 and continuing through November 5, 2012, he conspired with others to distribute 500 grams or more of methamphetamine. (PSR ¶ 19.) The PSR limited Petitioner's attributed drug quantity to the amount he actually transacted, which was 496.09 grams at 69 percent purity. The result was a drug quantity calculation of 376.11 grams of methamphetamine. (PSR ¶ 26.) The PSR calculated Petitioner's total offense level as 33 with a criminal history category of IV, which resulted in a guideline range of 188 to 235 months. (PSR ¶ 81.)

Defense counsel filed objections to the PSR. Counsel challenged the criminal history calculation, the enhancement for importation, and the failure to adjust the offense level as a minor participant. (ECF No. 529 at 3-4.) The government agreed that Petitioner's criminal history category should be lowered to category III, but the government opposed Petitioner's other objections. (ECF No. 530 at 5-7.) The PSR Addendum adopted the criminal history category change, resulting in a guideline range of 168 to 210 months. (ECF No. 531.)

At sentencing, the Court overruled Petitioner's objections and also accepted the parties' agreement to reduce Petitioner's guideline range by two-points in anticipation of changes to the guidelines. (ECF No. 601 at 5-6.) Petitioner's final guideline range was 135 to 168 months. The Court sentenced Petitioner to 120 months, which was the statutory minimum sentence.

2

## III. Discussion

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id.* "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id.* (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

When a petitioner argues his guilty plea was not voluntary due to the ineffective assistance of counsel, he must show that his counsel's advice to plead guilty fell below the range of competence demanded of an attorney in a criminal case. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985); *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994). Further, he must show prejudice by establishing "but for his counsel's alleged erroneous advice, he would not have pleaded guilty but would have insisted upon going to trial." *Armstead*, 37 F.3d at 206.

3

A. **Valid Guilty Plea**

A defendant's guilty plea must be made voluntarily, and the defendant must "make related waivers knowing[ly], intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Ruiz*, 536 U.S. 622, 628 (2002) (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)). A determination of whether a defendant understands the consequences of his guilty plea does not require a trial court to determine that the defendant has a perfect understanding of the consequences, however. The court must only ascertain whether the defendant has a realistic or reasonable understanding of his plea. *See United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993).

Courts considering challenges to guilty plea proceedings "have focused on three core concerns: absence of coercion, the defendant's understanding of the charges, and a realistic understanding of the consequences of the guilty plea." *Gracia*, 983 F.2d at 627-28. A realistic understanding of the consequences of a guilty plea means that the defendant knows the "immediate and automatic consequences of that plea such as the maximum sentence length or fine." *Duke v. Cockrell*, 292 F.3d 414, 416 (5th Cir. 2002). Further, "[w]hen the record of the Rule 11 hearing clearly indicates that a defendant has read and understands his plea agreement, and that he has raised no question regarding a waiver-of-appeal provision, the defendant will be held to the bargain to which he agreed." *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005) (*quoting United States v. Portillo*, 18 F.3d 290, 293 (5th Cir. 1994)).

In this case, the record shows Petitioner voluntarily pled guilty and that he was fully informed of his rights. Petitioner stated he reviewed a copy of the indictment and that he understood the charges. (ECF No. 600 at 8.) The Government read the essential elements of the

4

offense, Petitioner stated he understood the essential elements, and he admitted he committed each element. (*Id.* at 9-10.) The Government read the maximum penalty available and Petitioner stated he understood the maximum punishment. (*Id.* at 11.) The Court informed Petitioner that the statutory minimum punishment was ten years in prison, and Petitioner stated he understood. (*Id.* at 12.) Petitioner stated he discussed the sentencing guidelines with his attorney and discussed how the guidelines might apply in his case. (*Id.* at 7, 10.) Petitioner stated he read and understood the plea agreement. (*Id.* at 15.) He agreed that he read and understood the factual resume, and that all facts stipulated in the factual resume were true and correct. (*Id.* at 17.) Petitioner has failed to show his guilty plea was involuntary.

**B.     Ineffective Assistance**

Petitioner was represented by attorney Scottie Allen during his plea negotiations. He claims Allen told him that if he pled guilty, he would receive an adjustment to his sentence based on his minor role in the offense, and the government would dismiss the importation enhancement. He states Allen failed to investigate and seek the minor role adjustment.

Petitioner has failed to establish that Allen promised him he would receive a minor role adjustment and that government would dismiss the importation enhancement in exchange for his guilty plea. During the plea hearing, Petitioner stated that no one had made any promise or assurance of any kind, other than what was contained in the plea agreement, to induce him to plead guilty. (*Id.* at 15-16.) Further, the plea agreement that Petitioner read and signed also stated that his guilty plea was voluntary and was not the result on any threats or promises not contained in the plea agreement. (*Id.*)

Petitioner also claims Allen failed to negotiate for a minor role reduction in the plea

5

agreement. The government, however, opposed granting Petitioner a minor role adjustment. (ECF No. 530 at 5-7.) He has failed to show any evidence that the government would have agreed to a minor role reduction in the plea agreement.

Petitioner also claims his attorney, Mark Perez, who represented him at sentencing, failed to adequately argue for an adjustment based on his minor role in the offense. The record shows Perez filed objections to the PSR arguing, *inter alia*, that Petitioner should receive a reduction based on his minor role in the conspiracy. (ECF No 529 at 3-4.) The Court denied the objection. Petitioner has failed to state what other arguments counsel should have made in support of the objections.

Additionally, Petitioner has failed to establish he was prejudiced by his attorneys' performance. Petitioner's statutory mandatory minimum sentence was ten years in prison. 21 U.S.C. §§ 846, 841 (a)(1) & (b)(1)(A). The Court sentenced Petitioner to this mandatory minimum of ten years. Therefore, regardless of any arguments or motions made by counsel, Petitioner could not have received a lower sentence than the sentence he received. Petitioner has failed to establish he received ineffective assistance of counsel.

## IV. Recommendation

For the foregoing reasons, the Court recommends that Petitioner's § 2255 petition be DENIED with prejudice.

IT IS SO ORDERED.

Signed this 8 day of August, 2016.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

6

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).