IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LASHAUN LAMONT WARREN, | § § § | |
| Petitioner, | § § | |
| v. | § § | Civil Action No. 3:15-cv-01398-O |
| UNITED STATES OF AMERICA, | § § | |
| Respondent. | § § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case. *See* Findings, Conclusions, Recommendation ("FCR"), Aug. 8, 2016, ECF No. 8. Petitioner Lashaun Lamont Warren had 14 days to file written objections to the FCR. Fed. R. Civ. P. 72(b). However, the Court entered an Order accepting the FCR and a Final Judgment on August 11, 2016. *See* Order, Aug. 11, 2016, ECF No. 9; Final J., ECF No. 10. Then Petitioner Lashaun Warren timely filed an Objection on August 29, 2016. *See* Obj., ECF No. 11. Recognizing its error, the Court vacated its August 11, 2016 Order and reopened this case. *See* Order, Sept. 16, 2016, ECF No. 12. The FCR and Warren's Objection are now properly before the Court.

The Court has conducted a de novo review of those portions of the proposed findings and recommendation to which an objection was made. Anything not specifically objected to is subject to review for clear error.

**I.     BACKGROUND**

Warren pleaded guilty to conspiracy to possess with intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). FCR 1, ECF No. 8. On July 23, 2014, the Court sentenced him to 120 months in prison, which was the statutory minimum sentence. *Id.* Warren did not file an appeal. *Id.*

On April 27, 2015, Warren filed a petition for writ habeas corpus pursuant to 28 U.S.C. § 2255. *See* Mot. Vacate, ECF No. 2. He argues that he received ineffective assistance of counsel at the plea bargain phase, when counsel failed to seek a minor role adjustment prior to the plea agreement as promised. Br. Supp. Mot. Vacate 2, ECF No. 3. Warren contends, absent such promise, he would not have entered a guilty plea. *Id.* He also argues that he received ineffective assistance of counsel at the sentencing phase when counsel failed to effectively investigate and present evidence in support of a sentencing adjustment based on his minor role in the offense. *Id.* at 1.

**II.    ANALYSIS**

The Magistrate Judge recommends Warren's Motion to Vacate be denied with prejudice. FCR 6, ECF No. 8. The Magistrate Judge rejected Warren's ineffective assistance of counsel claims, finding Warren failed to adduce evidence that his counsel were ineffective or that he was prejudiced by his attorneys' performance. *Id.* at 6. As to Warren's claim that his guilty plea was involuntary due to his plea-bargain counsel's promise of a minor role reduction, the Magistrate Judge found that the record shows Warren voluntarily pleaded guilty and failed to show the guilty plea was involuntary. *Id.* at 4.

In his Objection, Warren contends the Magistrate Judge misconstrued his ineffective assistance of counsel claim at the sentencing phase. Obj. 1, ECF No. 11. He argues that his counsel

failed to show the Court that he was less culpable than the other members of the conspiracy in support of a minor role reduction. *Id.* at 1–2. Warren neither cites to evidence in the record nor provides new evidence to support this claim. Therefore, Warren's objection is **OVERRULED** as to his ineffective assistance of counsel claims.

Warren also objects to the Magistrate Judges conclusion on his claim that his plea was involuntary. *Id.* at 2–3. He argues that his personal affidavit that his plea-bargain counsel promised him a minor role reduction, supported by evidence from the record, is sufficient to entitle him to an evidentiary hearing. *Id.* However, Warren mischaracterizes the burden of proof. A defendant who has testified under oath that a plea is voluntary, as Warren has done, is only entitled to an evidentiary hearing on a claim that the plea was rendered involuntary by an alleged promise, "[i]f the defendant produces independent indicia of the likely merit of her allegations, typically in the form of one or more affidavits from reliable third parties." *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998) (citing *Harmason v. Smith*, 888 F.2d 1527, 1529 (5th Cir. 1989)). Warren's own affidavit does not satisfy this criteria and he has failed to provide any third-party affidavits. *Id.* Therefore, Warren's objections as to his involuntary plea claim are **OVERRULED**.

### III.   CONCLUSION

As outlined above, the District Court reviewed de novo those portions of the proposed findings, conclusions, and recommendation to which Gutierrez objected, and reviewed the remaining proposed findings, conclusions, and recommendation for plain error. Finding none, the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge. Accordingly , Plaintiff's Motion to Vacate (ECF No. 2) is **DISMISSED with prejudice**.

**SO ORDERED** on this **8th day** of **December, 2016.**

3

Reed O'Connor
UNITED STATES DISTRICT JUDGE